**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY RALPH EPPS, ID # 36428-177,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:09-CV-264-D-BH |
| | ) | No. 3:07-CR-213-D (01) |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Pursuant to an *Order Referring Case* dated August 25, 2010 (doc. 24), this case was referred for an evidentiary hearing and report and recommendation.

**I. BACKGROUND**

Billy Ralph Epps ("Movant" or "Epps"), an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Mot.") to challenge his federal conviction and sentence in Cause No. 3:07-CR-213-D. The respondent is the United States of America ("Government").

In July 2007, Movant was indicted for possession and distribution of red phosphorous for the purposes of facilitating methamphetamine production. (*See* Indictment, doc. 1.) He pled guilty in September 2007 pursuant to a plea agreement. (*see* Tr. Rearraignment at 5-6; Plea Agreement, doc. 19). At rearraignment, the Court placed Movant under oath and inquired about the voluntariness of the plea and the factual basis for it. (Tr. Rearr. at 1-14.) It also informed Movant that he was waiving his right to appeal except to the limited extent set out in the plea agreement. (*Id.* at 14.)

On January 18, 2008, the Court conducted a sentencing hearing. (*See* Tr. Sentencing at 1). The same day, Movant signed a statement directing his attorney not to file an appeal. (*See* App. to

Resp. Opp'n Mot. § 2255 at 6 ("the January 18, 2008 statement")).[1] The Court entered judgment on January 22, 2008, sentencing him to 168 months' imprisonment. (*See* Judgment, doc. 31.)

On February 10, 2009, the Court received a *pro se* motion to vacate and a memorandum in support raising several claims of ineffective assistance of counsel. (*See* Mot.; Mem. Supp., docs. 1-2.) Movant appeared to claim that counsel failed to investigate, object to, or appeal the quantity of chemicals attributed to him; failed to object to or appeal the insufficiency of the indictment; failed to object to or appeal the court's failure to follow *Booker*; and coerced him into pleading guilty and waiving his right to appeal. (Mot. at 5-9B; Mem. Supp. at 6, 24-25, 28-29, 33.) He also appeared to claim in his reply brief that counsel failed to perfect an appeal despite his request. (Rep. at 12, 14, doc. 9.) The Court denied the motion on October 21, 2009, and Movant timely appealed.

On appeal, the Fifth Circuit found that Movant had "made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective for erroneously advising him that he had no right to appeal." *See United States v. Epps*, No. 09-11087, 2010 WL 2545616, at *1 (5th Cir. June 18, 2010). It found that the record did "not conclusively indicate whether counsel erroneously advised Epps of his appeal rights and whether Epps would have filed a timely appeal but for counsel's advice" and remanded for an evidentiary hearing and further proceedings on that claim. *Id.*

## II. EVIDENTIARY HEARING

On October 6, 2010, Movant appeared in person and through appointed counsel at the evidentiary hearing. An Assistant United States Attorney appeared on behalf of the Government. The Court took judicial notice of the relevant filings and the remand order of the Fifth Circuit. It

---

[1] Aside from the caption of the case, the statement reads in its entirety as follows: "After careful consideration, I direct my attorney not to file an appeal of the above matter. This decision is final."

also admitted exhibits proffered by the parties, including the handwritten January 18, 2008 statement directing his defense attorney not to file an appeal (Pet. Ex. 1) and an obituary for defense counsel (Gov. Ex. 1).

Movant testified under oath that he signed the January 18, 2008 statement before the sentencing hearing. He claimed that when he asked his attorney about filing an appeal after sentencing, the attorney said Movant had to accept his sentence. He did not know about his right to appeal; he understood the waiver in the plea agreement to mean that he could not appeal.

On cross-examination, Movant testified that even though his attorney had explained it to him and he had an opportunity to ask for more explanation, he did not understand the plea agreement's waiver of appeal. When confronted with his sworn testimony during rearraignment that his attorney had explained the plea agreement "thoroughly" to him (*see* Tr. Rearraignment at 5), Movant said that the statement was true at that time and that he thought he understood it. When confronted with his testimony that he understood he could appeal (*see id.* at 14), Movant responded that he did not remember the question or answer. He claimed that despite his prior sworn testimony that he understood the plea agreement's waiver of appeal provision (*see id.*), he could not really say whether he in fact understood the provision. Movant also testified that when his attorney averred in an affidavit that the January 18, 2008 statement was signed after the sentencing hearing and that Movant directed him not to file an appeal (*see* App. at 1-4), the attorney was mistaken. Movant testified that he understood the January 18, 2008 statement and signed it without coercion. No other witnesses were called to testify at the hearing.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n

3

all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, a movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *accord Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Here, Movant testified that when he asked about an appeal, his attorney told him he had to accept his sentence. When confronted with his prior sworn testimony at rearraignment that he understood the plea agreement, he claimed that his testimony was true "at that time" or that he thought he understood the plea agreement. He also claimed that he had no recollection of his

testimony that he understood that he had a right to appeal. He testified that he understood the January 18, 2008 statement and signed it without coercion, notwithstanding his claim in a prior filing that his attorney pressured him to sign the statement (*see* Def.'s Resp. Gov. Resp. Opp'n Def.'s 2255 Mot. ("Reply") at 5). Movant appeared evasive and unwilling to provide direct answers to certain questions on cross-examination, and he changed his prior sworn testimony or conveniently could not remember it. Based on his demeanor during cross-examination and his inconsistent testimony, the Court finds him not credible. *See United States v. Gomez*, Nos. 3:01-CV-0104-H, 3:98-CR-0385-H-03, 2001 WL 585751, at *4 (N.D. Tex. May 25, 2001) (adopting recommendation).

Movant has provided no independent evidence showing that his attorney told him that he could not appeal. The evidence, including the plea agreement, his sworn testimony before the Court, and the January 18, 2008 statement, shows that Movant understood and considered his appeal rights. Because there is no credible evidence in this case that his attorney erroneously advised him that he had no right to appeal, Movant has not shown that counsel was deficient in advising him about his right to appeal. Nor has he shown a reasonable probability that he would have appealed but for the erroneous advice of counsel or that counsel's erroneous advice made the proceedings unreliable or fundamentally unfair. Accordingly, Movant is not entitled to relief on this claim.

## IV. RECOMMENDATION

The Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 12th day of November, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE