IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY RALPH EPPS, ID # 36428-177, | § | |
| | § | |
| Movant, | § | |
| | § | Civil Action No. 3:09-CV-0264-D |
| VS. | § | Criminal No. 3:07-CR-213-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, and the November 12, 2010 findings, conclusions, and recommendation of the magistrate judge, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted, and the court denies the motion of Billy Ralph Epps ("Epps") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Epps filed this § 2255 motion on February 10, 2009. The court denied the motion on October 21, 2009, and Epps appealed. The Fifth Circuit denied a certificate of appealability ("COA") on all grounds except Epps's contention that his counsel was ineffective for erroneously advising him that he had no right to appeal. *United States v. Epps*, 382 Fed. Appx. 395, 395-96 (5th Cir. 2010) (per curiam). The panel concluded that "Epps has made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective for erroneously advising him that he had no right to appeal." *Id.* at 395 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). It also stated that "[t]he record does not conclusively indicate whether counsel erroneously advised Epps of his appeal rights and whether Epps would

have filed a timely appeal but for counsel's advice, making an evidentiary hearing on that issue necessary." *Id.* at 395-96 (citing *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). The panel granted a COA solely on this claim, vacated this court's judgment, and remanded this case "for further proceedings in relation to that claim." *Id.* at 396. The panel "offer[ed] no opinion on the merits of this ineffective assistance of counsel claim." *Id.*

On remand, this court referred the motion to the magistrate judge to conduct the evidentiary hearing. The magistrate judge found, in pertinent part, that Epps provided no independent evidence showing that his attorney told him he could not appeal; the evidence showed that he understood and considered his appeal rights; and because there was no credible evidence that Epps's attorney erroneously advised him that he had no right to appeal, Epps had not shown that his counsel was deficient in advising him about his right to appeal. Rec. 5.

The court need not discuss the magistrate judge's findings, conclusions, and recommendation at length. But one of Epps's objections to the magistrate judge's findings, conclusions, and recommendation warrants addressing. Among his objections, Epps maintains that it does not matter whether the court accepts his contention that his attorney affirmatively told him that he could not appeal because his attorney's failure to properly advise him that he retained a right to appeal, even absent an affirmative misrepresentation that he had no right to appeal, establishes grounds for relief. Objs. 2. According to Epps, "even if the court does not believe [his] testimony, the attorney's failure to properly advise Epps that he retained a right to appeal (an error of omission), even absent an affirmative misrepresentation that he had no right to appeal (a separate error of commission), establishes grounds for relief." *Id.* He also contends that the appeal waiver in the plea agreement and the court's admonitions at the plea hearing reasonably led him to believe he had no right to

appeal. *Id.* at 2-3. He then offers several arguments in support of the proposition that he retained the right of appeal and that his counsel was ineffective for failing to advise him of his appeal rights. *Id.* at 4-6. Epps posits that the evidence does not show that his counsel ever advised him that he retained a right to appeal that survived his appeal waiver, and it instead shows that he was advised only that he had possessed a right to appeal, but that he had waived it. Epps maintains that his counsel was ineffective in failing to advise him that he retained what Epps now contends is a right to appeal. *Id.* at 6.

The Fifth Circuit denied a COA on all grounds except one. It concluded that "Epps has made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective *for erroneously advising him that he had no right to appeal*." *Epps*, 382 Fed. Appx. at 395 (emphasis added). When it remanded for an evidentiary hearing for the reason that "[t]he record does not conclusively indicate whether counsel erroneously advised Epps of his appeal rights," *id.*, it was necessarily referring to the claim on which it had granted a COA: that his counsel was ineffective for "erroneously advising him *that he had no right to appeal*." *Id.* (emphasis added). Therefore, the argument that Epps presents in his objections—that his attorney was ineffective for failing to properly advise him "that he retained a right to appeal (an error of omission), even absent an affirmative misrepresentation that he had no right to appeal (a separate error of commission)," Objs. 2—exceeds the scope of the question that this court was directed on remand to conduct an evidentiary hearing on and to address. The Fifth Circuit denied a COA as to all of Epps's other claims, including one that asserted that his counsel was ineffective for failing to "object to the district court's failure to advise him of his appeal rights at sentencing," *id.*, and another that argued "that he was deprived of his right to appeal by the district court, which failed to apprise him of his

right to appeal at sentencing." *Id.* This court was required on remand to conduct an evidentiary hearing to resolve the fact question whether Epps's counsel "erroneously advis[ed] him that he had no right to appeal." Having determined that there is no credible evidence that Epps's attorney erroneously advised him that he had no right to appeal, it follows that Epps is not entitled to relief under § 2255.

Epps's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

**SO ORDERED**.

March 1, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE